PRISON LEGAL NEWS; the Seattle Weekly; Jennifer Vogel, Plaintiffs— Appellants,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS; Eldon Vail, in his individual capacity and as Deputy Assistant Secretary of the Washington State Department of Corrections (DOC); Joseph Lehman, in his individual capacity and as Secretary of the Washington State Department of Corrections (DOC), Defendants—Appellees.

No. 02–35170.

D.C. No. CV–99–00231–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Decided July 18, 2003.

Before O'SCANNLAIN and GOULD, Circuit Judges, and BOLTON,* District Judge.

### MEMORANDUM**

Prison Legal News ("PLN") appeals from the district court's grant of summary judgment. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

The district court correctly applied the four-factor test set forth in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). PLN failed to rebut the common sense connection, which it concedes exists, between widespread dissemination of Vogel's article and the danger of retaliation towards the named officers. *See*

---

\* The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**620**

*Frost v. Symington,* 197 F.3d 348, 357 (9th Cir.1999).

While lower level officials offered illegitimate reasons why the article was prohibited from entering the prison, it was banned pursuant to Vail's state-wide order, the reasoning of which has been consistent. Moreover, even if similar articles were let in without disruption, Vail's legitimate concern that the article may fuel a dangerous situation is not undermined. Vail is concerned about the effect wide-spread dissemination would have on prison security and its effect on inmates who are less stable. Such a concern is not illegitimate. *See Thornburgh v. Abbott,* 490 U.S. 401, 414, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

The inmates have sufficient alternatives: WDOC has only proscribed the one Vogel article. Inmates are still able to receive other editions of the *Seattle Weekly* and the *PLN* and other articles written by Vogel. They are also able to receive other materials alleging racist activities of WDOC corrections officers so long as they do not name individual officers. These alternatives are more than sufficient. *Abbott,* 490 U.S. at 417–18; *Frost,* 197 F.3d at 357; *Mauro v. Arpaio,* 188 F.3d 1054, 1061 (9th Cir.1999) (en banc).

The feared disruptions "raise[ ] the prospect of precisely the kind of 'ripple effect' with which the Court in *Turner* was concerned," *Abbott,* 490 U.S. at 418, and thus the impact of allowing Vogel's article to be widely disseminated throughout the prison system would be significant.

Vogel has also failed to raise "obvious, easy alternatives." *Turner,* 482 U.S. at 90. It is unreasonable to suggest that the Washington Department of Corrections should fire all corrections officers who are publicly accused, even if such allegations are unfounded.

Accordingly, the district court's judgment is

AFFIRMED.